IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-HC-2014-FL

| | |
|---|---|
| ERIC BRANCH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| WARDEN DAVID LEU, | ) |
| | ) |
| Respondent.[1] | ) |

This matter is before the court on respondent's motion to dismiss or in the alternative for summary judgment (DE 16), which the court construes as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. The motion was briefed fully and in this posture the issues raised are ripe for ruling. Also before the court is petitioner's motion for jail credits (DE 23).

## STATEMENT OF THE CASE

Petitioner, a federal inmate proceeding pro se, commenced this action by filing petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on February 1, 2021. Petitioner challenges the Federal Bureau of Prisons' ("FBOP") denial of prior custody credit when calculating his release date.

On September 9, 2021, respondent filed the instant motion to dismiss, or in the alternative for summary judgment, arguing that petitioner failed to exhaust administrative remedies prior to

---

[1] The court constructively amends the case caption to reflect that warden David Leu is respondent's immediate custodian. See Rumsfeld v. Padilla, 542 U.S. 426, 434–35 (2004); (Resp't's Mem. (DE 17) at 1 n.1).

filing this action, and that his claims fail on the merits. In support, respondent relies on memorandum of law, statement of material facts, and appendix of exhibits comprising the following: 1) petitioner's North Carolina Department of Public Safety offender information report; 2) application for writ of habeas corpus ad prosequendum, United States v. Branch, No. 5:12-CR-339-D (E.D.N.C. Jan. 7, 2013); 3) order of detention pending trial, United States v. Branch, No. 5:12-CR-339-D (E.D.N.C. Feb. 12, 2015); 4) United States Marshals Service Individual Custody Detention Report for petitioner; 5) application for writ of habeas corpus ad prosequendum, United States v. Branch, No. 5:12-CR-339-D (E.D.N.C. May 13, 2014); 6) judgment and commitment order, United States v. Branch, No. 5:12-CR-339-D (E.D.N.C. May 21, 2014); 7) Federal Bureau of Prisons public information data for petitioner; and 8) records of petitioner's administrative grievances. Petitioner responded in opposition, supported by North Carolina Department of Public Safety confirmation of detainer form.

On May 13, 2022, petitioner filed the instant motion for jail credits, supported by 1) waiver of rights form related to the Interstate Agreement on Detainers; 2) petitioner's federal detainer dated October 9, 2012; 3) docket reports for United States v. Branch, No. 5:12-CR-339-D (E.D.N.C.); 4) application for writ of habeas corpus ad prosequendum, United States v. Branch, No. 5:12-CR-339-D (E.D.N.C. Jan. 2, 2013); and 5) administrative grievance records. Respondent did not respond to this motion.

## STATEMENT OF FACTS

The relevant facts are not disputed. On May 7, 2012, North Carolina authorities revoked petitioner's probation in three separate cases. (Resp't's SOMF (DE 18) ¶ 1). On May 10, 2012, petitioner commenced his state sentence of three years, five months, and 25 days' imprisonment,

2

for the probation revocations. (Id.; Resp't's Ex. 1 (DE 19-1) at 2).[2] On October 3, 2012, while petitioner was in state custody, he was indicted in this court on a single count of distributing a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1).

On or about January 2, 2013, petitioner was transferred to temporary federal custody, pursuant to a writ of habeas corpus ad prosequendum, for initial appearance on his pending federal indictment. (Resp't's SOMF (DE 18) ¶ 2); see also United States v. Branch, No. 5:12-CR-339-D (E.D.N.C. Dec. 20, 2012 & Jan. 2, 2013) (ECF Nos. 7, 12). Petitioner was returned to state custody after his initial appearance in this court. See Order at 1, United States v. Branch, No. 5:12-CR-339-D (E.D.N.C. Feb. 20, 2014) (ECF No. 106). Also on January 2, 2013, this court issued a second writ of habeas corpus ad prosequendum for petitioner's appearance at his federal detention hearing, and petitioner was transferred again to federal custody on or about January 7, 2013. See id. at 1–2. On January 7, 2013, the federal trial court ("trial court") ordered petitioner detained and remanded him to the custody of the United States Marshals Service. Id. at 2. Petitioner remained in federal custody pursuant to the January 2 habeas writ through his federal trial. See id.; (Resp't's SOMF (DE 18) ¶ 2).

On July 1, 2013, federal superseding indictment was returned charging petitioner with one count of distributing a quantity of cocaine base, and one count of distributing 28 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). United States v. Branch, No. 5:12-CR-339-D (E.D.N.C. July 1, 2013) (ECF No. 55). On October 16, 2013, a jury convicted defendant of

---

[2] Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's electronic case filing (ECF) system, and not to page numbering, if any, specified on the face of the underlying document.

3

both offenses.  Id. (Oct. 16, 2013) (ECF No. 86).  On October 21, 2013, petitioner was returned to state custody while the federal sentencing was pending.  (Resp't's SOMF (DE 18) ¶ 2; Resp't's Ex. 4 (DE 19-4) at 3).

On May 21, 2014, petitioner was again transferred to federal custody, pursuant to a writ of habeas corpus ad prosequendum, for his federal sentencing.  (Resp't's SOMF (DE 18) ¶ 3; Resp't's Ex. 4 (DE 19-4) at 3); see also United States v. Branch, No. 5:12-CR-339-D (E.D.N.C. May 13, 2014 & May 21, 2014) (ECF Nos. 113, 115).  On that same date, the court sentenced petitioner to an aggregate term of 180 months' imprisonment, consecutive to his state term of imprisonment  (Resp't's SOMF (DE 18) ¶ 4); Sent'g Tr. at 23–24, United States v. Branch, 5:12-CR-339-D (E.D.N.C. Dec. 29, 2015) (ECF Nos. 135).  Petitioner was returned to state custody that same day.  (Resp't's SOMF (DE 18) ¶ 4; Resp't's Ex. 4 (DE 19-4) at 3).  He completed the state sentence on February 9, 2015, and was transferred to the Federal Bureau of Prisons that same day.  (Resp't's SOMF (DE 18) ¶ 5).

In sum, petitioner was in federal custody pursuant to three different writs of habeas corpus ad prosequendum, as follows: on January 2, 2013, from January 7 to October 16, 2013, and on May 21, 2014.  (See Resp't's SOMF (DE 18); Resp't's Ex. 4 (DE 19-4) at 3); Order at 1–2, United States v. Branch, No. 5:12-CR-339-D (E.D.N.C. Feb. 20, 2014) (ECF No. 106).  The FBOP has declined to award any pretrial custody credits for these time periods because the time was credited to petitioner's state sentence.  (Resp't's SOMF (DE 18) ¶ 6).

4

**DISCUSSION**

A.     Standard of Review

Summary judgment[3] is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party must then affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.     Analysis

Pursuant to § 2241, a federal court may issue a writ of habeas corpus to a federal prisoner if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). "[A]ttacks on the execution of a [federal] sentence are properly raised in a § 2241 petition." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc). A federal prisoner challenges the execution of his sentence when he contests, as here, the FBOP's "administrative rules, decisions, and procedures applied to his sentence." In re Wright, 826 F.3d 774, 777 (4th Cir. 2016).

The court first addresses respondent's argument that petitioner failed to exhaust

---

[3]     Because the instant motion relies on matters outside the pleadings, the court construes the motion as seeking summary judgment. See Fed. R. Civ. P. 12(d). The court provided petitioner notice, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that the motion may be so construed. (See DE 20).

5

administrative remedies. Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts require inmates challenging the execution of their sentences to exhaust administrative remedies before seeking review in federal court pursuant to § 2241. See Timms v. Johns, 627 F.3d 525, 530–31 (4th Cir. 2010); United States v. Vance, 563 F. App'x 277, 278 (4th Cir. 2014); McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004). Petitioner, however, claims that his FBOP counselor refused to provide the forms for filing a grievance. (Pet'r's Resp. (DE 22) at 2–3). On the current record, the court cannot resolve whether petitioner's failure to exhaust should be excused. See Ross v. Blake, 578 U.S. 632, 642–44 (2016) (discussing exception to exhaustion requirement if the administrative remedy program is "unavailable" in related context of the Prison Litigation Reform Act). In addition, where administrative exhaustion is not a jurisdictional or statutory requirement, and petitioner is not entitled to habeas corpus relief on the merits, it is not necessary to address the issue.

As noted above, petitioner challenges the FBOP's calculation of his prior custody credit. In order to assess whether petitioner is entitled to prior custody credit, the court must determine: 1) the date on which the federal sentence commenced, and 2) the amount, if any, of prior custody credit to which petitioner is entitled for time served prior to commencement of the federal sentence. 18 U.S.C. § 3585; see United States v. Wilson, 503 U.S. 329, 330 (1992).

A federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Here, petitioner commenced his federal sentence on February 9, 2015, the date he was transferred from state to federal custody to begin service of his federal sentence. (See Resp't's SOMF (DE 18) ¶ 5; Resp't's Ex. 4 (DE

6

19-4) at 3; Resp't's Ex. 7 (DE 19-7) at 4).

Petitioner argues that his sentence computation should have commenced on May 21, 2014, the date his federal sentence was imposed. This argument is foreclosed by § 3585(a), which for the reasons stated above mandates that the sentence commences when petitioner was transferred to federal custody. See United States v. Evans, 159 F.3d 908, 911 (4th Cir. 1998) ("[A] federal sentence does not commence until the Attorney General receives the defendant into her 'custody' for service of that sentence."). As discussed above, in petitioner's case that date is February 9, 2015.

Moreover, the trial court ordered the federal sentence to run consecutively to the state sentence petitioner was serving at the time of sentencing. Sent'g Tr. at 23–24, United States v. Branch, No. 5:12-CR-339-D (E.D.N.C. Dec. 29, 2015) (ECF No. 135). Federal sentencing courts may order a federal sentence to run consecutively to a previously imposed state sentence, and petitioner therefore is not entitled to commencement of his federal sentence on the date it is imposed in these circumstances. See 18 U.S.C. § 3584(a); Setser v. United States, 566 U.S. 231, 241 (2012); Evans, 159 F.3d at 911. Furthermore, although petitioner is correct that his written judgment provides that he "is hereby committed to the custody of the Bureau of Prisons," that boilerplate language does not mandate immediate transfer to federal custody. See Judgment at 2, United States v. Branch, No. 5:12-CR-339-D (E.D.N.C. May 21, 2014) (ECF No. 118). And in any event, even if the written judgment could be read to conflict with the oral pronouncement, the trial court's oral pronouncement controls. See United States v. Osborne, 345 F.3d 281, 283 n.1 (4th Cir. 2003); Rakes v. United States, 309 F.2d 686, 687–88 (4th Cir. 1962). Accordingly, petitioner's argument that his sentence should have commence on the date it was imposed is

7

without merit, and the FBOP correctly determined that the sentence commenced on February 9, 2015. See 18 U.S.C. § 3585(a).

The court next turns to the issue of prior custody credit. 18 U.S.C. § 3585(b) provides that

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

    (1) as a result of the offense for which the sentence was imposed; or
    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

As a result, the FBOP is precluded from awarding prior custody credit if the time has "been credited against another sentence." 18 U.S.C. § 3585(b); see Wilson, 503 U.S. at 335 ("Congress made clear that a defendant could not receive double credit for his detention time."). Moreover, contrary to petitioner's arguments, the prohibition on crediting time "that has . . . been credited against another sentence" applies to time credited for prior federal or state sentences. See 18 U.S.C. § 3585(b); Wilson, 503 U.S. at 333–34.

The FBOP properly determined petitioner was not entitled to prior custody credit because all of the time he served prior to February 9, 2015 was credited to his state sentence. As reflected on petitioner's North Carolina offender information report, he entered state custody on May 10, 2012, in service of a state sentence of three years, five months, and 25 days' imprisonment. (Resp't's Ex. 1 (DE 19-1) at 2). Petitioner was then released from state custody on February 9, 2015. (Id.). The period of time from May 10, 2012 to February 9, 2015 is less than three years, and so the record strongly suggests that all custody periods prior to February 9, 2015 were credited to the state sentence. (See id.).

8

As noted above, petitioner was transferred to temporary federal custody for proceedings on his federal indictment on January 2, 2013, from January 7 to October 16, 2013, and on May 21, 2014. (See Resp't's SOMF (DE 18); Resp't's Ex. 4 (DE 19-4) at 3); Order at 1–2, United States v. Branch, No. 5:12-CR-339-D (E.D.N.C. Feb. 20, 2014) (ECF No. 106). Although petitioner was in the physical custody of the federal government for these periods, the writ of habeas corpus ad prosequendum does not transfer primary custody from state to federal officials. See Evans, 159 F.3d at 912. Instead,

> A federal sentence does not begin to run . . . when a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of habeas corpus ad prosequendum. Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation.

Id. And because the state retains primary jurisdiction during the transfer pursuant to the writ of habeas corpus, the time in federal custody is creditable to the state sentence. See id.; see also United States v. Poole, 531 F.3d 263, 271 (4th Cir. 2008). Notwithstanding this principle, petitioner argues that respondent has not produced documentation establishing that the time periods when he was in federal custody pursuant to a writ of habeas corpus ad prosequendum in fact were credited to the federal sentence.

Petitioner's argument misunderstands his burden of production on summary judgment. Respondent has provided evidence strongly suggesting that the time periods set forth above were credited to the state sentence. (See Resp't's Ex. 1 (DE 19-1) at 2). If North Carolina prison officials did not credit this time toward the state sentence,[4] then it is petitioner's responsibility to

---

[4] It is possible (although improbable) that petitioner earned sufficient good conduct time or other sentencing credits on the state sentence such that he could have been released on February 9, 2015, even without credit for the 284 days he was in temporary federal custody pursuant to the writs of habeas corpus ad prosequendum. As set forth

9

come forward with competent summary judgment evidence establishing a genuine issue of material fact with respect to this issue. See Matsushita, 475 U.S. at 586–87; Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 522 (4th Cir. 2003) ("Regardless of whether he may ultimately be responsible for proof and persuasion, the party seeking summary judgment bears an initial burden of demonstrating the absence of a genuine issue of material fact. Once the moving party has met that burden, the non-moving party must come forward and demonstrate that such an issue does, in fact, exist"). Respondent's unsworn, unsupported assertions that this time was not credited to the state sentence are insufficient to create a genuine issue of material fact. Wai Man Tom v. Hospitality Ventures, 980 F.3d 1027, 1037 (4th Cir. 2020) (explaining "conclusory allegations[,] without more, are insufficient to preclude granting the summary judgment motion"); Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 960 (4th Cir. 1996) (noting "unsubstantiated allegations and bald assertions" cannot defeat a motion for summary judgment).

Petitioner also seems to argue that he could have earned additional good conduct time toward his North Carolina sentence if he had not been placed in temporary federal custody for 284 days. Assuming without deciding that petitioner is correct as a factual matter, the argument is not relevant to determination of whether the 284 days were credited to the state sentence. As noted, if those days were credited to the state sentence, then petitioner cannot receive prior custody credit for them regardless of whether he could have earned additional good time credits if he had remained in physical state custody for that time. See 18 U.S.C. § 3583(b).

Turning to petitioner's motion for jail credits (DE 23), petitioner argues that his federal

---

above, however, petitioner cannot rely on his unsupported assertion that this time was not credited to the state sentence in the context of responding to a motion for summary judgment.

10

indictment and convictions should be dismissed based on the governments' alleged violations during the criminal trial of the anti-shuttling provisions of the Interstate Agreement on Detainers ("IAD"), 18 U.S.C. App. § 2. The trial court denied petitioner's motion to dismiss on this ground because he failed to assert the claim prior to trial. Order, United States v. Branch, No. 5:12-CR-339-D (E.D.N.C. Feb. 20, 2014) (ECF No. 106). Here, the court lacks jurisdiction to consider petitioner's challenge to his convictions based on violations of the IAD. See In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000) (discussing requirements for challenging a conviction under § 2241, including that petitioner must show that the substantive law governing the conviction changed such that the conduct of which he was convicted is deemed not be criminal). Petitioner has not made the requisite showing under Jones to challenge his conviction under § 2241. In addition, the United States Court of Appeals for the Fourth Circuit has held that a violation of the IAD's anti-shuttling provisions is not a cognizable claim in a habeas corpus proceeding. Bush v. Muncy, 659 F.2d 402, 408–09 (4th Cir. 1981). And to the extent petitioner is arguing he should be awarded prior custody credits based on the alleged violation of the IAD, this argument is without merit for the same reasons set forth above.

Finally, the instant petition makes passing reference to petitioner's request for nunc pro tunc designation of his state correctional facility as the facility for service of the federal sentence. (DE 4 ¶ 15). In certain limited circumstances, the FBOP will designate a state facility as the place of imprisonment for a federal sentence, and thereby allow the federal sentence to run concurrently with a state sentence. See Mangum v. Hallembaek, 910 F.3d 770, 772–75 (4th Cir. 2018). Petitioner is not entitled to this relief because the federal sentence was imposed after the state sentence and in that circumstance 18 U.S.C. § 3584(a) mandates that the federal sentence run

consecutively to the state sentence, in the absence of contrary order by the sentencing court. Here, as noted above, the trial court explicitly ordered the federal sentence to run consecutively to the state sentence. See Setser, 556 U.S. at 234–39, 244–45; Sent'g Tr. at 23–24, United States v. Branch, No. 5:12-CR-339-D (E.D.N.C. Dec. 29, 2015) (ECF No. 135).

## CONCLUSION

Based on the foregoing, respondent's motion for summary judgment (DE 16) is GRANTED, and petitioner's motion for jail credits (DE 23) is DENIED. A certificate of appealability is DENIED, and the clerk is DIRECTED to close this case.

SO ORDERED, this the 14th day of September, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge